# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP2427-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Barry S. Wagner, Attorney at Law: |
| | Office of Lawyer Regulation, |
| | Complainant, |
| | v. |
| | Barry S. Wagner, |
| | Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST WAGNER

| | |
|---|---|
| OPINION FILED: | April 17, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2017AP2427-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Barry S. Wagner, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

  **v.**

**Barry S. Wagner,**

      **Respondent.**

**FILED**

**APR 17, 2018**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1 PER CURIAM. The Office of Lawyer Regulation (OLR) and Attorney Barry S. Wagner have filed a stipulation pursuant to Supreme Court Rule (SCR) 22.12 that Attorney Wagner be publicly reprimanded as discipline reciprocal to that imposed by the Supreme Court of Arizona. After reviewing the matter, we approve the stipulation and impose the stipulated reciprocal discipline. In light of the parties' stipulation and the fact

that no referee needed to be appointed, we impose no costs upon Attorney Wagner.

¶2 Attorney Wagner was admitted to practice law in Wisconsin in 2000. He was admitted to practice law in Arizona in 2004. Attorney Wagner's Wisconsin law license has been suspended since October 2006 for failure to pay bar dues and since May 2007 for failure to fulfill continuing legal education requirements. Attorney Wagner has not been the subject of previous professional discipline in this state.

¶3 On March 22, 2017, the State Bar of Arizona and Attorney Wagner, through counsel, filed an agreement for discipline by consent with the Supreme Court of Arizona. On April 14, 2017, the State Bar of Arizona reprimanded Attorney Wagner, based on his professional misconduct. As part of their order, the Arizona court required Attorney Wagner to be on disciplinary probation for two years and complete trust account ethics training. The Arizona Supreme Court found that Attorney Wagner's actions violated the Arizona Rules of Professional Conduct by failing to safe keep property and by violating specific rules regarding trust account management. Attorney Wagner did not notify the OLR of the Arizona reprimand within twenty days of its effective date.

¶4 On December 13, 2017, the OLR filed a disciplinary complaint alleging that Attorney Wagner should be subject to reciprocal discipline due to the public reprimand imposed by the Supreme Court of Arizona. On February 22, 2018, after the OLR's complaint had been served on Attorney Wagner, the OLR and

2

Attorney Wagner entered into a stipulation whereby Attorney Wagner agreed that the facts alleged in the OLR's complaint supported the imposition of a public reprimand as reciprocal discipline.

¶5 Under SCR 22.22(3),[1] this court shall impose the identical discipline imposed in another jurisdiction unless one or more of three exceptions apply. In his stipulation, Attorney Wagner states that he does not claim any of the exceptions in SCR 22.22(3). He agrees that this court should impose the public reprimand sought by the OLR.

¶6 Attorney Wagner further states that the stipulation was not the result of plea bargaining, that he does not contest the facts and misconduct alleged by the OLR or the discipline that the OLR director is seeking in this matter, that he fully understands the ramifications should the court impose the

---

[1] SCR 22.22(3) provides:

The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

3

stipulated level of discipline, that he fully understands his right to consult with counsel and has consulted with an Arizona-licensed counsel about this matter, and that his entry into the stipulation is made knowingly and voluntarily and represents his decision not to contest the misconduct in the complaint or the level of discipline sought by the OLR director.

¶7 Having considered this matter, we accept the stipulation and impose a public reprimand, as discipline reciprocal to that imposed by the Supreme Court of Arizona. Because this matter has been resolved through a stipulation without the appointment of a referee and the OLR has not sought the imposition of any costs, we do not impose costs in this matter.

¶8 IT IS ORDERED that Barry S. Wagner is publicly reprimanded.